Stewart C. Fitts (5635)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Tel: (702) 385-2500
Fax: (702) 385-2086
sfitts@hutchlegal.com
*Attorneys for Plaintiffs*
NBK INNOVATION XIII, LLC,
DOJO VENTURES FUND II, LLC, SU FUND I,
A SERIES OF INCISIVE VENTURES LP,
ANTONIO SALERNO, SUSAN LEIBY, ALESSCO, INC.
DEFINED BENEFIT PLAN, ROBERT HESS,
AND MJ JAMIOLKOWSKI FLP

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NBK INNOVATION XIII, LLC, DOJO VENTURES FUND II, LLC, SU FUND I, A SERIES OF INCISIVE VENTURES LP, ANTONIO SALERNO, SUSAN LEIBY, ALESSCO, INC. DEFINED BENEFIT PLAN, ROBERT HESS, AND MJ JAMIOLKOWSKI FLP, <br><br> Plaintiffs, <br><br> v. <br><br> SUAVEI, INC., AFONSO INFANTE, AND ALLISON WONG, <br><br> Defendants. | Case No.: 2:22-cv-01415-JAD-BNW <br><br> **STIPULATION AND ORDER TO SCHEDULE SETTLEMENT CONFERENCE, STAY DISCOVERY, AND TO EXTEND DISCOVERY 90 DAYS AFTER SETTLEMENT CONFERENCE (SECOND REQUEST)** |

IT IS HEREBY STIPULATED AND AGREED between Plaintiffs NBK Innovation XIII, LLC, DOJO Ventures Fund II, LLC, SU Fund I, a Series of Incisive Ventures LP, Antonio Salerno, Susan Leiby, Alessco Inc. Defined Benefit Plan, Robert Hess, and MJ Jamiolkowski FLP (collectively, "Plaintiffs"), and Defendant Allison Wong ("Defendant" or "Defendant Wong"), by and through their undersigned counsel, that: (1) a settlement conference be scheduled with a Magistrate Judge; (2) discovery be stayed to permit the parties to resolve this dispute without expending unnecessary resources pending the settlement conference; and (3) if no resolution is achieved at the settlement conference, the parties shall file a new proposed discovery plan and scheduling order within seven (7)

days after the conclusion of the settlement conference, which shall extend the discovery  for a period of ninety (90) days from the date the settlement conference.

I.      BACKGROUND

   A.  Procedural History

On December 19, 2022, the Court entered a Stipulated Discovery Plan and Scheduling Order (ECF No. 23).  On April 12, 2023, the Court entered a Stipulation and Order (ECF No. 41) with the following deadlines that now govern:

| | |
|---|---|
| Amend Pleadings/Add Parties: | Closed |
| Initial Experts: | Closed |
| Rebuttal Experts | Closed |
| Discovery Cutoff: | July 24, 2023 |
| Dispositive Motions: | August 23, 2023 |
| Joint Pretrial Order: | September 24, 2023 |

   B.  Substantive Proceedings to Date.

Plaintiffs believe they exercised due diligence in expending substantial time and resources attempting to locate and serve process on another defendant in this matter, Afonso Infante. Defendant Infante avoided service in various states, and Plaintiffs subsequently learned that said defendant resides outside of the United States.  After motion practice and a hearing, the Magistrate Judge granted Plaintiffs' motion to serve defendant Infante by alternative means (*i.e.*, via a confirmed email address used by Infante).

Plaintiffs subsequently effectuated service of process and obtained defaults against defendant Suavei, Inc. and defendant Afonso Infante, respectively.  Thereafter, Plaintiffs obtained: (1) a default judgment against defendant Suavei, Inc. on February 14, 2023 (ECF No. 36); and (2) a default judgment against defendant Infante on March 15, 2023 (ECF No. 39).

Defendant Wong timely responded to Plaintiffs' Complaint.

   C.  Discovery Completed to Date

The parties believe they have exercised due diligence in conducting discovery in this complex securities action under The Securities and Exchange Act of 1934, including third-party subpoena

discovery that has been timing consuming and which the parties believe is necessary for further

discovery.  This discovery has comprised approximately 11,000 pages of discovery documents, third-

party subpoenas, and twenty-five (25) total sets of interrogatories, requests for admission, and

requests for production of documents, including the following:

1. Plaintiffs Initial Rule 26 Disclosures on December 22, 2022.

2. Defendant Wong's Initial Rule 26 Disclosures on December 22, 2022.

3. Plaintiffs First Supplemental Rule 26 Disclosures on March 8. 2023.

4. Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Frank DeJoy on March 8, 2023.

5. Plaintiffs Second Supplemental Rule 26 Disclosures on April 21, 2023.

6. Plaintiff NBK Innovation XIII's Responses to defendant Wong's First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions on April 21, 2023.

7. Plaintiff DOJO Ventures Fund II, LLC's Responses to defendant Wong's First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions on April 21, 2023.

8. Plaintiff SU Fund I's Responses to defendant Wong's First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions on April 21, 2023.

9. Plaintiff Antonio Salerno's Responses to defendant Wong's First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions on April 21, 2023.

10. Plaintiff Susan Leiby's Responses to defendant Wong's First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions on April 21, 2023.

11. Plaintiff Alessco, Inc.'s Responses to defendant Wong's First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions on April 21, 2023.

12. Plaintiff Robert Hess's Responses to defendant Wong's First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions on April 21, 2023.

13. Plaintiff MJ Jamiolkowski FLP's Responses to defendant Wong's Plaintiff Robert Hess's Responses to defendant Wong's First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions on April 21, 2023.

14. Defendant Allison Wong's Responses to Plaintiffs' Plaintiff Robert Hess's Responses to defendant Wong's First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions on May 8, 2023.

15. Plaintiffs' Third Supplemental Rule 26 Disclosures, including 9,096 pages of documents received by plaintiffs via the third-party subpoena, on June 14, 2023.

16. Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to First Republic Bank.

In sum, the parties have engaged in extensive discovery since the Court's April 12, 2023 that has included third-party subpoena discovery, the production of over 9,000 pages of documents, and twenty-seven (27) sets of discovery responses.

**D.  Discovery that Remains to be Completed**

Plaintiffs' June 14, 2023 disclosure of over 9,000 pages subpoenaed documents from an out-of-state witness requires additional time for the parties to adequately review.  The following additional discovery is anticipated:

1.     First Republic Bank's outstanding response to Plaintiffs' subpoena duces tecum, which is currently due on or about July 24, 2023.

2.     The deposition of Frank DeJoy, an out-of-state witness whose subpoenaed document production of over 9,000 pages of documents was recently disclosed.

3.     The deposition of defendant Wong.

4.     The depositions of the individual plaintiffs.

5.     The deposition of defendant Infante, who plaintiffs are seeking to locate outside the United States.

6.     The deposition of non-party witnesses via subpoenas including, without limitation, Frank DeJoy.

## II.     GROUNDS FOR EXTENSION

Local Rule 26-3 governs this Stipulation requesting an extension of discovery deadlines.  This Local Rule imposes a good cause standard to earn the extension:

> A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the Court no later than 21 days before the expiration of the subject deadline.  A request made within 21 days of the subject deadline must be supported by a showing of good cause.  A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

### 1.   Good Cause Reasons for Extension

Due to the following, the current discovery deadline of July 24, 2023, has become unworkable and needs to be extended.

First, the parties agree that after conducting extensive written and third-party discovery, now is a reasonable time to participate in a settlement conference with an experienced Magistrate Judge who may assist them in resolving this dispute. This is particularly true given the remaining challenges, as stated below, in scheduling remaining necessary discovery.

Second, the delay in receiving over 9,000 pages documents via a subpoena from an individual out-of-state non-party witness curtailed plaintiffs' ability to serve additional supplement disclosures to Defendant. The subpoenaed documents have recently been disclosed to defendant Wong, and the parties need adequate time to review this voluminous production of documents prior to the settlement conference and, if necessary, conducting further discovery, including depositions.

Third, plaintiffs are still trying to secure a date for the subpoenaed deposition of out-of-state witness, Frank DeJoy.

Fourth, plaintiffs have continued to experience difficulties in securing the deposition of defendant Infante, who allegedly resides outside the United States.

Fifth, additional time is necessary to receive and review production of documents in response to plaintiffs' outstanding subpoena dues tecum to First Republic Bank, and these documents are not expected to be produced until on or about July 24, 2023.

Sixth, additional time is necessary to take the deposition of defendant Wong after receiving and reviewing responses to the subpoena duces tecum from First Republic Bank.

<u>Seventh</u>, defendant Wong will also need to take to the deposition of the individual plaintiffs.

<u>Eighth</u>, the parties desire to preserve time and expense of what may prove to be unnecessary litigation expenses in the event this dispute is resolved at the settlement conference.

### 2.  Good Faith Efforts Supporting the Requested Extension

The parties have engaged in sincere and good faith discovery efforts.

### 3.  Length of Delay and Potential Impact on the Proceedings

A trial date has not been set in this case.  Accordingly, granting the Stipulation will not create unnecessary delay in resolving this case on its merits.

### 4.  No Prejudice Would Arise

Since this request is a joint request, neither party will be prejudiced.

## III.  PROPOSED EXTENDED DEADLINES

| Deadline | Current Date | Proposed New Date |
|---|---|---|
| Deadline to Amend/Add Parties | Closed | Same |
| Initial Deadline to Disclose Experts | Closed | Same |
| Deadline to Disclose Rebuttal Experts | Closed | Same |
| Discovery Cutoff | July 24, 2023 | 90 days from the conclusion of the settlement conference, if necessary. |
| Dispositive Motions Deadline | August 23, 2023 | 120 days after the conclusion of the settlement conference, if necessary. |
| Joint Pretrial Order Deadline | September 24, 2023 | 150 days after the conclusion of the settlement conference, if necessary. |

**E.  Motions in Limine/*Daubert* Motions**

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served 30 days prior to the commencement of Trial.  Oppositions shall be filed and served, and the motion submitted for decision 14 days thereafter.  Reply briefs will be allowed only with leave of the Court.

**F.  Extensions or Modification of the Discovery Plan and Scheduling Order**

In accordance with LR 26-3, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 26-1, be supported by a showing of good cause for the extension.  All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a)     A statement specifying the discovery completed;

(b)     A specific description of the discovery that remains to be completed;

(c)     The reasons why the deadline was not satisfied, or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d)     A proposed schedule for completing all discovery.

///
///
///
///
///
///
///
///
///
///

This request for an extension is made in good faith and joined by all the parties in this case. The Request is timely pursuant to LR 26-3.  A trial has not yet been set in this matter and dispositive motions have not yet been filed.  Accordingly, this extension will not delay this case.  Moreover, since this request is a joint request, neither party will be prejudiced.  The extension will allow the parties the necessary time to complete the discovery and participate in mediation.

DATED this 13th day of July, 2023.

HUTCHISON & STEFFEN, PLLC

/s/ Stewart C. Fitts
_____
Stewart C. Fitts (5635)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

Attorneys for Plaintiffs
NBK INNOVATION XIII, LLC,
DOJO VENTURES FUND II, LLC, SU FUND I,
A SERIES OF INCISIVE VENTURES LP,
ANTONIO SALERNO, SUSAN LEIBY,
ALESSCO, INC. DEFINED BENEFIT PLAN,
ROBERT HESS, AND MJ JAMIOLKOWSKI
FLP

HOWARD & HOWARD ATTORNEYS, PLLC

/s/ L. Christopher Rose
_____
L. Christopher Rose (7500)
Jonathan R. Martin (15959)
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169

Attorneys for Defendant Allison Wong

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: July 17, 2023.