UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NBK Innovation XIII, LLC, et al., <br><br> Plaintiffs <br> v. <br><br> Suavei, Inc.; Afonso Infante; and Allison Wong, <br><br> Defendants | Case No. 2:22-cv-01415-JAD-BNW <br><br> **Order Denying Motion** <br><br> ECF Nos. 62, 63 |

    The plaintiffs filed this securities-fraud action in August 2022. They generally allege that they collectively invested more than a million dollars in Suavei, Inc., an internet security company, based on the material misrepresentations and concealments of its co-founders Afonso Infante and Allison Wong.[1] Although Wong continues to actively defend against these claims, Infante and the company did not answer or otherwise appear, and default judgments were obtained against them in early 2023.[2]

    Infante, representing himself, now moves "to dismiss this action with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6)."[3] But the posture of this case makes that relief unavailable to him. Rule 12 of the Federal Rules of Civil Procedure (FRCP) authorizes the filing of motions to dismiss in response to active

---

[1] *See generally* ECF No. 1.
[2] ECF Nos. 34, 39.
[3] ECF No. 62 at 1.

1

claims. Once a default judgment has been entered against a defendant, he must successfully move to set aside the default and default judgment in order for him to actively participate in the case.[4] FRCP 55(c) states that "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."[5] The Ninth Circuit Court of Appeals has explained that "[t]he 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)."[6] "The good cause analysis considers three factors:" (1) whether the defendant engaged in culpable conduct that led to the default, (2) whether he has a meritorious defense, and (3) whether reopening the default judgment will prejudice the plaintiff.[7] These standards for setting aside a default and default judgment are different from those under which the court evaluates a motion to dismiss brought under FRCP 12, and Infante has not addressed them.

Because Infante did not first seek to set aside the default and default judgment entered against him, his motion to dismiss is premature. So I deny it without prejudice to his ability to refile it at a later date should he first move for and obtain an order setting aside the default and default judgment against him.[8]

---

[4] *See* Fed. R. Civ. P. 55(c).
[5] *Id*.
[6] *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).
[7] *Id*. at 925–26.
[8] This is not intended as any indication of the outcome of any such motion.

IT IS THEREFORE ORDERED that Afonso Infante's Motion to Dismiss with Prejudice and for Sanctions **[ECF Nos. 62, 63] is DENIED** without prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
May 28, 2025