**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NBK Innovation XIII, LLC et al.,<br>Plaintiffs<br>v.<br>Allison Wong, et al.,<br>Defendant | Case No.: 2:22-cv-01415-JAD-DJA<br>**Order Denying Allison Wong's Motion for Attorneys' Fees and Granting the Plaintiff Investors' Motion to Seal**<br>[ECF Nos. 113, 118] |

In this fraud-based action, I granted summary judgment in favor of Allison Wong after concluding that the investor–plaintiffs failed to establish Wong's involvement in their alleged investment-fraud schemes.[1] Wong, having made offers of judgment to each of the investors, now moves for attorneys' fees and costs. The losing investors oppose that motion and argue that Wong isn't entitled to attorneys' fees on any of their claims and, even if she is, she hasn't established that Nevada's offer-of-judgment attorneys' fees statute warrants an award of fees in this case. Although I conclude that I have discretion to award fees for the investors' state-law and common-law claims based on the offers of judgment that they rejected in this case, I do not find that such an award is warranted here. So I deny Wong's motion for attorneys' fees. And because the investors have shown good cause to redact and seal certain judicial records discussing confidential settlement and tax information, I grant their motion to seal.

[1] ECF Nos. 110 (summary-judgment order) & 111 (judgment).

## Discussion

### A. Wong can recover attorneys' fees only for the investors' state-law and common-law claims, and she has not satisfied the *Beattie* factors for awarding fees.

Wong moves for attorneys' fees based on the offer of judgment that she made to the plaintiffs under Nevada Rule of Civil Procedure (NRCP) 68, Nevada Revised Statutes (NRS) 17.117 and 18.010(2)(b).[2] Five months after the investors filed their complaint, Wong served offers of judgment on the eight investors.[3] The offers totaled $20,000, ranged from $1,500 to $3,500 per investor, and each allowed judgment to be entered in favor of the plaintiff investor and against Wong "inclusive of all attorney fees, costs, pre-judgment interest, post-judgment interest, and alleged damages, loss, or expenses of any kind."[4] No plaintiff accepted the offer, so the case moved forward;[5] the parties briefed Wong's summary-judgment motion in January 2026,[6] and I entered summary judgment in Wong's favor in August.[7]

Wong argues that the investors had "no reasonable grounds for their claims against" her and that she "achieved outstanding results" by obtaining summary-judgment in her favor.[8] She asks for the $133,783.50 in attorneys' fees that she incurred by litigating the case or alternatively the $127,926.50 in fees that she incurred from the date of the offers of judgment through the

---

[2] ECF No. 113.

[3] ECF No. 113-2 at ¶¶ 2–3; ECF Nos. 113-3, 113-4, 113-5, 113-6, 113-7, 113-8, 113-9, 113-10 (Wong's offers of judgment to each of the eight investors).

[4] ECF Nos. 113–3, 113-4, 113-5, 113-6, 113-7, 113-8, 113-9, 113-10.

[5] ECF No. 113-2 at ¶ 4.

[6] *See* ECF Nos. 88–92.

[7] ECF No. 110.

[8] ECF No. 113 at 4, 14.

entry of judgment.[9] The plaintiff investors contend that federal law does not permit an award of Wong's fees here and, even if these fees were recoverable, they are not justified in this case.[10]

### ***1. This court applies Nevada law to award fees for the investors' state-law and common-law claims.***

NRCP 68 authorizes a litigant to make an offer of judgment to resolve a case. If the defendant makes an unconditional offer under the rule and the plaintiffs reject it and fail to beat it, the court can order the plaintiff to pay the defendant's attorneys' fees "from the time of the offer."[11]

The investors argue that Nevada law doesn't apply to their federal claims or their other claims brought under California and Delaware law; instead, they aver, California and Delaware statutes should govern, and these states do not have an attorneys' fees' provision analogous to NRCP 68.[12] Wong replies that even though federal law doesn't provide for attorneys' fees in a case like this, Nevada law allows the court to reward fees for all of the investors' claims.[13] And she contends that regardless of which state's statutes the investors invoked, Nevada law governs attorneys' fees recovery because the investors brought their case in this state.[14]

NRCP 68 applies to the investors' state-law and common-law claims because "[i]n an action involving state-law claims, [courts] apply the law of the forum state to determine whether

---

[9] *Id.* at 16.

[10] ECF No. 117.

[11] Nev. R. Civ. P. 68(f)(2).

[12] ECF No. 117 at 1–3, 24.

[13] ECF No. 122 at 2–3.

[14] *Id.* at 4.

a party is entitled to attorneys' fees."[15] Here that forum is Nevada, even if the plaintiffs' rely on the laws of other states. But a federal court does not need to apply state law to federal claims if the forum state's law "conflicts with a valid federal statute or procedural rule."[16] Federal Rule of Civil Procedure (FRCP) 68 bars defendants from receiving attorneys' fees for costs incurred after an offer of judgment.[17] NRCP 68 allows the defendant to recover attorneys' fees for costs incurred while litigating after plaintiffs reject her offer of judgment.[18] So FRCP 68 and NRCP 68 conflict. Wong can therefore recover fees only to the extent that they were incurred while litigating the investors' state-law and common-law claims after her offer of judgment.[19]

### *2. Though procedurally available for the investors' state-law and common-law claims, an award of fees is not warranted here.*

When considering an award of attorneys' fees under NRCP 68, "the district court must carefully review" four factors established by the Nevada Supreme Court in *Beattie v. Thomas*: "(1) whether the plaintiff brought the claim in good faith, (2) whether the defendant[']s offer of judgment was reasonable and brought in good faith in both its amount and timing, (3) whether it was grossly unreasonable or an act in bad faith for the plaintiff to reject the offer and proceed to

---

[15] *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999).

[16] *Id.*; *Klein v. City of Laguna Beach*, 810 F.3d 693, 701–02 (9th Cir. 2016) (*citing Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

[17] *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *MRO Commc'ns, Inc.*, 197 F.3d at 1280 (citing *Delta Air Lines*, 450 U.S. at 352) ("Federal Rule 68 is inapplicable in a case in which the defendant obtains judgment.").

[18] *MRO Commc'ns, Inc.*, 197 F.3d at 1282.

[19] *See Pauluk v. Clark Cnty. Health Dist.*, 2020 WL 2773524, at *4 (D. Nev. May 27, 2020) (applying this principle and concluding that defendant can only recover attorneys' fees from litigating plaintiffs' state-law claims). Wong does not parse the fees incurred from litigating the investors' federal versus state claims, but since I conclude that she is not entitled to attorneys' fees under NRCP 68 and the *Beattie* factors, I do not address this issue.

trial, and (4) whether the fees sought are reasonable and justifiable in amount."[20] When the court "properly considers these *Beattie* factors, the award of attorney's fees is discretionary[.]"[21]

The first *Beattie* factor requires the court to consider the plaintiffs' litigation motives.[22] Wong argues that "there is no possible way" that the investors "can claim [that] they brought their claims in good faith."[23] She points out that the investors never communicated with her, never received representations from her, and conceded that she had no knowledge of their investments before this litigation.[24] Wong did not, she avers, have anything to do with the cybersecurity startup that defrauded the plaintiff investors.[25]

But the investors had no reason to know this when they filed their complaint. Much of the undisputed evidence from Wong's summary-judgment motion supports her involvement in the beginning of the cybersecurity company and its development.[26] And when Wong made the offers of judgment, the investors were still investigating the theory that she could be liable as a corporate-control person for misstatements to potential investors.[27] Ultimately, discovery revealed that the fraudulent fundraising actions occurred after Wong resigned, even though her name appeared in materials associated with the cybersecurity company.[28] But even at summary

---

[20] *Ozawa v. Vision Airlines, Inc.*, 216 P.3d 788, 792 (Nev. 2009) (citing *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983)).

[21] *LaForge v. State, Univ. & Cmty. Coll. Sys. of Nevada*, 997 P.2d 130, 136 (Nev. 2000).

[22] *Frazier v. Drake*, 357 P.3d 365, 372 (Nev. Ct. App. 2015) (noting that the first three *Beattie* factors "all relate to the parties' motives in making or rejecting the offer and continuing the litigation").

[23] ECF No. 113 at 8.

[24] *Id.* at 5.

[25] *Id.*

[26] ECF No. 110 at 2–4.

[27] *See* ECF No. 118-1 at ¶ 4.

[28] ECF No. 110 at 6.

judgment, plaintiffs' evidence showed that Wong once played a meaningful role in the company.[29] She co-founded it, may have remained on as one of two directors, and presented to investors as part of the company's leadership.[30] So even though I granted summary judgment in favor of Wong, there is nothing in this record that suggests that the plaintiffs lacked a good-faith motive in bringing or maintaining their claims.[31]

I also cannot say that Wong's offer to have judgment entered against her totaling $20,000 for eight plaintiffs, when the investors' aggregate losses totaled $1,173,500, was made in good faith. This sum likely didn't even cover the plaintiffs' costs of defense at that point. For the same reasons, I do not find that it was grossly unreasonable for the plaintiffs to reject Wong's offers or that they acted in bad faith by doing so. Discovery hadn't even begun,[32] and the investors still had outstanding questions about Wong's involvement in the fraud scheme.[33]

Because the first three *Beattie* factors weigh against an award of attorneys' fees and persuade me to deny Wong's request for fees, it makes no difference whether I find the amount of Wong's request reasonable. Even if I were to conclude that the more than $127,000 in attorneys' fees that Wong is requesting are reasonable, the balance of the *Beattie* factors tips heavily against a fee award here. So I conclude that an award of attorneys' fees is not justified in this case, and I deny Wong's motion.

---

[29] *Id.* at 27–28.

[30] *Id.*

[31] Because I find that the investors had reasonable grounds for their claims, I do not reach Wong's request for fees under NRS 18.010(2)(b). *See* Nev. Rev. Stat. § 18.010(2)(b) (providing for an award of attorneys' fees if "the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party").

[32] ECF No. 118-2 at ¶ 5.

[33] *See* ECF No. 117 at 15.

**B. The investors have shown good cause to redact and seal certain judicial records.**

The plaintiff investors move to redact and seal judicial records that they provided with their opposition to Wong's attorneys' fees motion.[34] They seek to seal two paragraphs from their attorneys' declarations that discuss settlement positions and another paragraph and exhibit revealing confidential IRS information from another defendant.[35] Wong does not oppose this motion.

"The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[36] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[37] "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[38] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[39]

"To seal the records, the district court must articulate a factual basis for each compelling reason to seal[,] [which] must continue to exist to keep judicial records sealed."[40] The Ninth Circuit has, however, "'carved out an exception to the presumption of access' to judicial records"

---

[34] ECF No. 118 (citing ECF No. 118-1 at ¶ 6, ECF No. 118-2 at ¶¶ 9, 11, and ECF No. 118-3).

[35] *Id.* at 2.

[36] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commcns., Inc.*, 435 U.S. 589, 597 (1978)).

[37] *Id.* at 1119 (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[38] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[39] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[40] *Id.* (citing *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1136).

that is "'expressly limited to' judicial records 'filed under seal when attached to a non-dispositive motion.'"[41] "Under the exception, 'the usual presumption of the public's right is rebutted[,]'" so "a particularized showing of 'good cause' under [FRCP] 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."[42]

Settlement information is confidential under this district's local rules and cannot be disclosed unless agreed to by the parties or ordered by the court.[43] I find that the two paragraphs that the investors seek to redact reference offers and discussions at the parties' settlement conferences with Magistrate Judge Weksler. So the investors have shown good cause and compelling reasons to redact portions of these judicial records because they contain confidential settlement-conference information.

The investors also move to seal one paragraph from an attorney's declaration and an exhibit that reveals personal IRS information of another defendant.[44] These judicial records contain confidential tax information obtained by the investors before a settlement conference and reveal financial information that was not at issue during this litigation. The investors provided this information to give the court "context concerning the information available to plaintiffs before the second settlement conference."[45] The public does not have a strong interest in accessing information from confidential settlement discussions that isn't related to the merits of

---

[41] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[42] *Id.* (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Foltz*, 331 F.3d at 1135, 1138).

[43] L.R. 16-5 ("Unless otherwise agreed by the parties or ordered by the court, no disclosure may be made to anyone, including the judicial officer to whom the case is assigned, of any confidential dispute-resolution communication that reveals the parties' dispute-resolution positions or the evaluating magistrate judge's advice or opinions.").

[44] *See* ECF No. 118-2 at ¶ 9; ECF No. 118-3.

[45] ECF No. 118 at 3 (cleaned up).

the case, so I find that the investors have shown good cause to maintain the confidentiality of another defendant's tax information. I thus grant the investors' motion to redact and seal these judicial records.[46]

## Conclusion

Because the *Beattie* factors weigh against an award of attorneys' fees for defending against the investors' state-law and common-law claims, IT IS ORDERED that Wong's motion for attorneys' fees **[ECF No. 113] is DENIED**.

IT IS FURTHER ORDERED that the plaintiff investors' motion to seal and redact judicial records **[ECF No. 118] is GRANTED.** The Clerk of Court is directed to **MAINTAIN THE SEAL on these judicial records.**

U.S. District Judge Jennifer A. Dorsey
November 10, 2026

[46] ECF No. 118-1 at ¶ 6 (redacted); ECF No. 118-2 at ¶¶ 9, 11 (redacted); ECF No. 118-3 (sealed).